Lynch, J.
(dissenting). We agree with the majority’s conclusion that defendant met its initial burden on the motion for summary judgment and that plaintiffs’ submissions did not constitute the requisite competent medical proof with regard to the orthopedic injuries of plaintiff Roberta M. Flanders (hereinafter plaintiff). Because we do not believe that plaintiffs raised a material question of fact with regard to plaintiffs alleged cognitive injuries, we respectfully dissent.
*1039 A plaintiff seeking to establish a claim under the significant limitation of use categories of serious injury must provide “objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [the] plaintiffs present limitations to the normal function, purpose and use of the affected body organ, member, function or system” (Clark v Basco, 83 AD3d 1136, 1138 [2011] [internal quotation marks and citations omitted]; see Parks v Miclette, 41 AD3d 1107, 1110 [2007]). If the claimed limitation is mild or slight, it is not a serious injury as defined by Insurance Law § 5102 (d) (see DeHaas v Kathan, 100 AD3d 1057, 1058 [2012]; Womack v Wilhelm, 96 AD3d 1308, 1311 [2012]; Parks v Miclette, 41 AD3d at 1110-1111; Simpson v Feyrer, 27 AD3d 881, 882-883 [2006]). Here, plaintiffs have presented no objective evidence of a head injury (compare Viscusi v Ostrowski, 25 Misc 3d 1213[A], 2007 NY Slip Op 52652[U], *1 [Sup Ct, Schenectady County 2007], affd 53 AD3d 965, 965-966 [2008] [the plaintiff lost consciousness]) and, while plaintiff explains why she stopped cognitive therapy, she does not provide a reasonable explanation for failing to resume such therapy for more than four years (see Pommells v Perez, 4 NY3d 566, 574 [2005]). By his conclusory affidavit, plaintiffs psychologist, Nathan Hare, identifies certain cognitive deficits discovered during the neuropsychological testing conducted in 2007, characterizes one such deficit as mild, but otherwise fails to provide any quantitative or qualitative comparison of plaintiffs condition to normal function (see Palmeri v Zurn, 55 AD3d 1017, 1019 [2008]; Simpson v Feyrer, 27 AD3d at 883; Serrano v Canton, 299 AD2d 703, 704-705 [2002]; compare Viscusi v Ostrowski, 25 Misc 3d 1213[A], 2007 NY Slip Op 52652[U], *3-4 [2007] [the plaintiffs expert explained the tests in detail and opined that the combination of several mild deficiencies had a significant effect on the plaintiffs ability to function]). As Hare’s report was generated more than four years after he tested plaintiff, we find his opinion deficient with regard to the “not transient” nature of plaintiffs condition (see John v Engel, 2 AD3d 1027, 1028-1029 [2003]).
In our view, because plaintiffs failed to establish the existence of a genuine factual issue with regard to whether plaintiff sustained a serious injury as a result of the accident, Supreme Court should have granted defendant’s motion and dismissed the complaint.
Lahtinen, J., concurs.
Ordered that the order is affirmed, with costs.